IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GW EQUITY, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-1128-K |
| | § | |
| VERCOR, LLC, THE BUSINESS | § | |
| OWNER, LLC and DAVID L. | § | |
| PERKINS, JR. | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS D.L. PERKINS, LLC AND DAVID L. PERKINS, JR.'S ORIGINAL ANSWER

Defendants D.L. Perkins, LLC, f/k/a the Business Owner, LLC, and David L. Perkins, Jr. (hereinafter, "Defendants") answer Plaintiff's Original Complaint and Verified Application for Injunctive Relief, as follows:

### I.

### PARTIES

1. Although Defendants are without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 1 of the Complaint, they do not contest Plaintiff's representation as to its state of incorporation or place of business at this time.

2. To Defendants' knowledge, the allegations in paragraph 2 of the Complaint are accurate.

3. Defendants deny Plaintiff's allegations regarding The Business Owner, LLC. The Business Owner, LLC is a predecessor entity to D.L. Perkins, LLC. D.L. Perkins, LLC publishes *The Business Owner* and enters an appearance herein through its counsel.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

## II.

## JURISDICTION AND VENUE

5. Although Defendants are without sufficient information or knowledge to form a belief as to Plaintiff's citizenship, they do not contest subject matter jurisdiction based upon diversity of citizenship.

6. Defendants deny that Plaintiff has suffered any harm in the past or concurrently as a proximate cause of the article at issue in this lawsuit and/or that said article is actionable. Defendants otherwise do not contest venue in this judicial district or division.

## III.

## FACTUAL ALLEGATIONS

7. Defendants are without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 7 of the Complaint and the allegations are therefore denied.

8. Defendants are without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 8 of the Complaint and the allegations are therefore denied.

9. Defendants admit that accusations against GW Equity were in the public domain as late as November 2, 2006 and thereafter. Defendants have no knowledge or belief that said accusations were false and Defendants are otherwise without sufficient information or knowledge to form a belief as to whether the accusations were made by former clients and/or employees, and the allegations are therefore denied.

10. Defendants admit that at least five accusations against GW Equity were published in the public domain between November 2 and November 29, 2006. Defendants are without sufficient information or knowledge as to the remainder of the allegations in paragraph 10 of the Complaint and the allegations are therefore denied.

11. Defendants are without sufficient information or knowledge as to the allegations in paragraph 11 of the Complaint and the allegations are therefore denied.

12. Defendants are without sufficient information or knowledge as to the allegations in paragraph 12 of the Complaint and the allegations are therefore denied.

13. Defendants are without sufficient information or knowledge as to the allegations in paragraph 13 of the Complaint and the allegations are therefore denied.

14. Defendants are without sufficient information or knowledge as to the allegations in paragraph 14 of the Complaint but do not contest Plaintiff's verified representations in this paragraph of the Complaint.

15. Defendants are without sufficient information or knowledge as to the allegations in paragraph 15 of the Complaint and the allegations are therefore denied.

16. Defendants are without sufficient information or knowledge as to the allegations in paragraph 16 of the Complaint and the allegations are therefore denied.

17. Based on publicly available documents, Defendants admit that Plaintiff filed suit in this Court against Xcentric Ventures, LLC and others. Defendants deny Plaintiff's characterizations in paragraph 17 of the Complaint relating to that lawsuit.

18. Based on publicly available documents, Defendants admit the allegations in paragraph 18 of the Complaint and further understand that Plaintiff's Application for Injunctive Relief in the Xcentric Ventures, LLC lawsuit was denied.

19. Defendants deny the allegation and characterization of GW Equity as a Vercor competitor in paragraph 19 of the Complaint.

20. Defendants admit that Perkins publishes *The Business Owner*, through D.L. Perkins, LLC, which is a newsletter that provides clear, concise, well-written, unbiased and

thoroughly researched information to help private business owners. Defendants otherwise deny the remainder of the allegations and characterizations in paragraph 20 of the Complaint.

21. Defendants deny that Perkins owns or controls Vercor, LLC. Perkins is only a minority, passive shareholder in Vercor, LLC. Perkins owns and controls D.L. Perkins, LLC, which is a successor entity to the Business Owner, LLC.

22. Defendants admit that *The Business Owner's* circulation is approximately 24,000 currently. Defendants otherwise deny the allegations in paragraph 22 of the Complaint.

23. Defendants admit that *The Business Owner* re-published in its May/June edition information already in the public domain from "Dave" in Rockford, Minnesota. Defendants are without sufficient information or knowledge to form a belief as to the accuracy of the remainder of the allegations in paragraph 23 of the Complaint, and the allegations are therefore denied.

24. Defendants admit the allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations and characterizations in paragraph 25 of the Complaint.

26. Defendants admit that the article in question contains the stated quotation and that said quotation is accurate. Defendants deny any other characterization, express or implied, in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants admit that the May/June edition of *The Business Owner* was distributed to approximately 24,000 subscribers. Defendants otherwise deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants are without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 30 of the Complaint, and the allegations are therefore denied.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny that Plaintiff has suffered any damages or that they have published or conspired to publish false information and they deny the allegations in paragraph 32 of the Complaint.

## IV.

## CAUSES OF ACTION

33. Defendants incorporate their responses to each of the foregoing paragraphs.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants incorporate their responses to each of the foregoing paragraphs.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants incorporate their responses to each of the foregoing paragraphs.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants incorporate their responses to each of the foregoing paragraphs.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny that Plaintiff is entitled to any relief, injunctive or otherwise, as a result of its claims in this lawsuit.

## PRAYER

Defendants deny the allegations contained in the entirety of the Prayer section of the Complaint.

## V.

## ADDITIONAL DEFENSES

1. Plaintiff is estopped from pursuing the claims and/or equitable relief asserted herein.

2. Plaintiff has waived by its conduct, either expressly or impliedly, the claims and equitable relief asserted herein.

3. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

4. Plaintiff by its action has invited the comments complained of in this suit.

5. Some or all of the complained of statements are true or substantially true, or Plaintiff cannot meet its burden to establish the falsity of the statements in question.

6. Some or all of the complained of statements are not capable of a defamatory meaning.

7. Plaintiff has no claim for libel as a matter of law.

8. The substance of the article at issue is and has been a matter of public concern, public interest, and public controversy in the surrounding community, and the country as a whole, under the United States and Texas Constitutions, Chapter 73 of the Tex. Civ. Prac. & Rem. Code, and the interpretative case law and common law.

9. The complained of statements were not published with "actual malice" as that term is defined by the United States and Texas Supreme Courts, as a matter of law, thus negating an essential element of Plaintiff's claims. In the alternative, the complained of statements were not negligently published, thus negating an essential element of Plaintiff's claims.

10. Some or all of the complained of statements are not "of and concerning" Plaintiff.

11. Some or all of the complained of statements are opinion, rhetoric and/or hyperbole and therefore not actionable under Texas common and constitutional law as well as federal common and constitutional law.

12. Pursuant to § 73.003 of Tex. Civ. Prac. & Rem. Code, Plaintiff has been involved in prior disputes and criticism relating to its operations which have adversely affected its reputation and tend to mitigate damages, if any, sustained as a result of the complained of statements.

13. Pursuant to § 73.003 of Tex. Civ. Prac. & Rem. Code, Plaintiff has been the subject of other critical reports which have adversely affected its reputation and mitigate the damages, if any, suffered by it as a result of the complained of statements.

14. Plaintiff is libel proof with respect to the topics in the complained of statements.

15. Plaintiff's claims are barred by the incremental harm doctrine because the true or unchallenged statements in the articles in question, as well as other statements by other media, and publicly disseminated statements by Plaintiff or its representatives are such that any false or defamatory statements of fact in the challenged articles had a negligible effect on Plaintiff's reputation and are not therefore actionable.

16. Any award of damages in this case for the claims alleged would be unconstitutional under Article I, § 8 of the Texas Constitution and/or the First Amendment to the United States Constitution.

17. Plaintiff has not suffered any actual, special, consequential, or other damages.

18. Plaintiff is not entitled to punitive or exemplary damages under the law of the United States and Texas because: (i) Plaintiff's cause of action is pursuant to statute--§ 73.001 <u>et. seq.</u> of the Tex. Civ. Prac. and Rem. Code--and punitive damages are impermissible for the mere violation of a statute; (ii) an award of punitive or exemplary damages would be unconstitutional under the United States and Texas Constitutions specifically, the First Amendment to the United States Constitution and Article I, § 8 of the Texas Constitution; (iii) any recovery of punitive or exemplary damages by the Plaintiff in this civil lawsuit would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Sections 3, 3a, 10, 13, 15 and 19 of the Texas Constitution; (iv) any such award of punitive or exemplary damages in this case would amount to nothing less than a denial to Defendants of due process and equal protection of the laws as are guaranteed under the United States and Texas Constitutions; (v) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under Article I, Sections 13 and 19 of the Texas

Constitution; (vi) an award of punitive or exemplary damages on the facts of this case is unconstitutional or in violation of the common law, absent clear and convincing proof that the false, defamatory statements of defamatory fact, if any, about Plaintiff were published with "actual malice," as that term is defined by the United States and Texas Supreme Courts, which "actual malice" Defendants denies, and absent proof of common law malice, that is, ill will, spite or evil motive and further absent proof in compliance with Chapter 41 of the Texas Civil Practice and Remedies Code; (vii) exemplary damages awarded, if any, against Defendants may not exceed two times the amount of actual damages or $200,000, whichever is greater; (viii) Defendants alleges they have not been given fair notice of the conduct that may subject Defendants to punishment or exemplary damages and also of the severity of the penalty or exemplary damages that may be imposed; and (viv) punitive damages would violate the United States and Texas Constitutions and common law because such an award is based from procedures that are vague, open-ended, unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

19.    The Complaint fails to state a claim against Defendants upon which relief can be granted.

20.    Plaintiff's claims are barred by the doctrine of laches.

21.    Plaintiff's claims are barred because the alleged injuries to Plaintiff and its damages, if any, are due solely to other causes and matters which are not related to Defendants' statements, acts, operations or conduct.

22.    The damages, if any, allegedly incurred by Plaintiff were caused not by Defendants but by the acts of third parties, instrumentalities or God and were in no way connected with Defendants.

23. The article and statements complained of constituted fair and impartial reports and comments on public and newsworthy proceedings and controversies of public interest and public concern and are accordingly protected by privilege including, but not limited to, the "Fair Report Privilege," the "Neutral Reportage Privilege," the First Amendment to the United States Constitution, and the Free Speech Clause, Article I, § 8 of the Texas Constitution and the common law.

24. The articles and statements complained of constituted fair and impartial reports and comments on public and newsworthy proceedings and controversies of public interest and public concern and are accordingly protected by §§ 73.002 (b)(1) and (b)(2) of the Texas Civil Practice and Remedies Code.

25. Plaintiff has not stated a conspiracy claim and Defendants have not engaged in any overt act in furtherance of any tortious conduct.

26. Plaintiff is not entitled to the extraordinary relief of an ex parte Temporary Restraining Order, see the Court's June 6, 2007 Order in Civil Action No. 3:07-CV-0976-K, and Defendants request an opportunity to be heard on the unconstitutional injunctive relief that Plaintiff seeks.

27. Plaintiff's claims for equitable relief are unconstitutional prior restraints barred as a matter of law by the First Amendment to the United States Constitution and Article I, Section of the Texas Constitution.

28. Plaintiff is not entitled to the equitable relief it seeks because it has an otherwise adequate remedy at law. See the Court's June 27, 2007 Order in Civil Action No. 3:07-CV-0976-K.

29. Plaintiff is not entitled to the equitable relief it seeks because it has no probability of success on the merits.

**DEFENDANTS DL PERKINS, LLC AND DAVID L. PERKINS, JR.'S ORIGINAL ANSWER** – Page 10

30. Plaintiff is not entitled to the equitable relief it seeks because it cannot prove and has suffered nor will it suffer irreparable harm.

31. Plaintiff is not entitled to the equitable relief it seeks because the public's interest is disserved by any entry of an unconstitutional prior restraint and the matters at issue in article in question.

32. Plaintiff's damages, if any, are speculative, not proximately and/or solely caused by Defendants, Plaintiff contributed or was comparatively responsible for its alleged damages, if any, and/or Plaintiff's damages, if any, were proximately caused by other individuals unaffiliated with Defendants that are not parties to this lawsuit.

## VI.

## JURY DEMAND

33. Defendants demand a jury trial on any and all questions of fact, if any, raised in this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Defendants D.L. Perkins, LLC and David L. Perkins, Jr. respectfully request that Plaintiff's claims and causes of action be in all things dismissed, that a take nothing judgment be entered in favor of Defendants, that Defendants be awarded their reasonable and necessary attorneys' fees, costs of cost and expenses in defending this claim, and for all such other and further relief, both at law and in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

NESBITT, VASSAR, McCOWN and RODEN, L.L.P.
15851 Dallas Parkway, Suite 800
Addison, Texas 75001
(972) 371-2411
(972) 371-2410 - Telecopier

By:   /s/ James M. McCown
      James M. McCown
      State Bar No. 00788002
      J. Brian Dear
      State Bar No. 24032117

ATTORNEYS FOR DEFENDANTS DL PERKINS, LLC and DAVID PERKINS, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants DL Perkins, LLC and David L. Perkins, Jr.'s Original Answer was served by electronic mail through the Court's ECF system to Plaintiff's counsel of record, Mark L. Johansen, Gruber, Hurst, Johansen & Hail LLP, 1445 Ross Avenue, Suite 4800, Dallas, Texas 75202, on this 16th day of July, 2007.

/s/ James M. McCown
James M. McCown