IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GW EQUITY, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-1128-K |
| | § | |
| VERCOR, LLC, THE BUSINESS | § | |
| OWNER, LLC and DAVID L. | § | |
| PERKINS, JR. | § | |
| | § | |
| Defendants. | § | |

## **DEFENDANT VERCOR, LLC'S ORIGINAL ANSWER**

Defendant Vercor, LLC (hereinafter, "Defendant") answers Plaintiff's Original Complaint and Verified Application for Injunctive Relief, as follows:

**I.**

## **PARTIES**

1. Although Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 1 of the Complaint, it does not contest Plaintiff's representation as to its state of incorporation or place of business at this time.

2. Admit.

3. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 3 of the Complaint, and they are therefore denied.

4. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 4 of the Complaint, but does not contest the service information for David L. Perkins, Jr.

## II.

## JURISDICTION AND VENUE

5. Although Defendant is without sufficient information or knowledge to form a belief as to Plaintiff's citizenship, it does not contest subject matter jurisdiction based upon diversity of citizenship.

6. Defendant denies that Plaintiff has suffered any harm in the past or concurrently as a proximate cause of the article at issue in this lawsuit and/or that said article is actionable. Defendant otherwise does not contest venue in this judicial district or division.

## III.

## FACTUAL ALLEGATIONS

7. Defendant is without sufficient information or knowledge as to the allegations in paragraph 7 of the Complaint and the allegations are therefore denied.

8. Defendant is without sufficient information or knowledge as to the allegations in paragraph 8 of the Complaint and the allegations are therefore denied.

9. Defendant is without sufficient information or knowledge as to the allegations in paragraph 9 of the Complaint and the allegations are therefore denied.

10. Defendant is without sufficient information or knowledge as to the allegations in paragraph 10 of the Complaint and the allegations are therefore denied.

11. Defendant is without sufficient information or knowledge as to the allegations in paragraph 11 of the Complaint and the allegations are therefore denied.

12. Defendant is without sufficient information or knowledge as to the allegations in paragraph 12 of the Complaint and the allegations are therefore denied.

13. Defendant is without sufficient information or knowledge as to the allegations in paragraph 13 of the Complaint and the allegations are therefore denied.

14. Defendant is without sufficient information or knowledge as to the allegations in paragraph 14 of the Complaint but do not contest Plaintiff's verified representations in this paragraph of the Complaint.

15. Defendant is without sufficient information or knowledge as to the allegations in paragraph 15 of the Complaint and the allegations are therefore denied.

16. Defendant is without sufficient information or knowledge as to the allegations in paragraph 16 of the Complaint and the allegations are therefore denied.

17. Based on publicly available documents, Defendant admits that Plaintiff filed suit in this Court against Xcentric Ventures, LLC and others. Defendant denies Plaintiff's characterizations in paragraph 17 of the Complaint relating to that lawsuit.

18. Based on publicly available documents, Defendant admits the allegations in paragraph 18 of the Complaint and further understands that Plaintiff's Application for Injunctive Relief in the Xcentric Ventures, LLC lawsuit was denied.

19. Defendant denies the allegation and characterizations in paragraph 19 of the Complaint.

20. Defendant admits that Perkins publishes *The Business Owner* and does not dispute that it is a newsletter that provides clear, concise, well-written, unbiased and thoroughly researched information to help private business owners. Defendant otherwise denies the remainder of the allegations and characterizations in paragraph 20 of the Complaint.

21. Defendant denies that Perkins owns or controls Vercor, LLC. Perkins is only a minority shareholder in Vercor, LLC and he does not control it. Defendant is unaware of the ownership structure of The Business Owner, LLC.

22. Defendant understands that *The Business Owner's* current circulation is approximately 24,000 currently. Defendant does not contest that Exhibit "2" to the Binkley

Affidavit appears to be a print-out from a Vercor webpage, but it would need to examine the original or a better copy to confirm that information.

23. Based solely on its subsequent review of the publication, Defendant does not dispute that *The Business Owner* re-published in its May/June edition information in the public domain from "Dave" in Rockford, Minnesota. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the remainder of the allegations in paragraph 23 of the Complaint, and the allegations are therefore denied.

24. Defendant admits the allegations in paragraph 24 of the Complaint.

25. Defendant did not (and does not) publish, review, control, or have any involvement in the operations of *The Business Owner* and therefore has no first-hand knowledge relating to the allegations and characterizations in paragraph 25 of the Complaint, and the allegations are therefore denied.

26. Based solely on its subsequent review of the publication, Defendant does not contest that the article in question contains the stated quotation. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the remainder of the allegations in paragraph 26 of the Complaint, and the allegations are therefore denied.

27. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the remainder of the allegations in paragraph 27 of the Complaint, and the allegations are therefore denied.

28. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 28 of the Complaint, and the allegations are therefore denied.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 30 of the Complaint, and the allegations are therefore denied.

31. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 31 of the Complaint, and the allegations are therefore denied.

32. Defendant denies that Plaintiff has suffered any damages or that it has published or conspired to publish any information relating to Plaintiff, and it denies the allegations in paragraph 32 of the Complaint.

## IV.

## CAUSES OF ACTION

33. Defendant incorporates its responses to each of the foregoing paragraphs.

34. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 34 of the Complaint, and the allegations are therefore denied.

35. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 35 of the Complaint, and the allegations are therefore denied.

36. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 36 of the Complaint, and the allegations are therefore denied.

37. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 37 of the Complaint, and the allegations are therefore denied.

38. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 38 of the Complaint, and the allegations are therefore denied.

39. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 39 of the Complaint, and the allegations are therefore denied.

40. Defendant incorporates its responses to each of the foregoing paragraphs.

41. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 41 of the Complaint, and the allegations are therefore denied.

42. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 42 of the Complaint, and the allegations are therefore denied.

43. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 43 of the Complaint, and the allegations are therefore denied.

44. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 44 of the Complaint, and the allegations are therefore denied.

45. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in paragraph 45 of the Complaint, and the allegations are therefore denied.

46. Defendant incorporates its responses to each of the foregoing paragraphs.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

51. Defendant incorporates its responses to each of the foregoing paragraphs.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies that Plaintiff is entitled to any relief, injunctive or otherwise, as a result of its claims in this lawsuit.

## **PRAYER**

Defendant denies the allegations contained in the entirety of the Prayer section of the Complaint.

## **V.**

## **ADDITIONAL DEFENSES**

1. Plaintiff is estopped from pursuing the claims and/or equitable relief asserted herein.

2. Plaintiff has waived by its conduct, either expressly or impliedly, the claims and equitable relief asserted herein.

3. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

4. Plaintiff by its action has invited the comments complained of in this suit.

5. Plaintiff has no conspiracy claim against Defendant because Defendant did not (and does not) publish, review, control, or have any involvement in the operations of *The Business Owner* and it did not engage in any act, overt or otherwise, with respect to the publication of the article in question or any other action in furtherance of any wrongful activity. To the extent Defendant is forced to defend the underlying defamation and business disparagement claims Plaintiff asserts in the context of its conspiracy claims, Defendant incorporates herein by reference each and every Additional Defense Defendants David L. Perkins, Jr. and D.L. Perkins, LLC assert in their live Answer on file herein.

6. Plaintiff has not suffered any actual, special, consequential, or other damages.

7. Plaintiff is not entitled to punitive or exemplary damages under the law of the United States and Texas because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States and Texas Constitutions specifically, the First Amendment to the United States Constitution and Article I, § 8 of the Texas Constitution; (ii) any recovery of punitive or exemplary damages by the Plaintiff in this civil lawsuit would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Sections 3, 3a, 10, 13, 15 and 19 of the Texas Constitution; (iii) any such award of punitive or exemplary damages in this case would amount to nothing less than a denial to Defendant of due process and equal protection of the laws as are guaranteed under the United States and Texas Constitutions; (iv) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under Article I, Sections 13 and 19 of the Texas Constitution; (v) an award of punitive or exemplary damages on the facts of this case is unconstitutional or in violation of the common law, absent clear and convincing proof that the false, defamatory statements of defamatory fact, if any, about Plaintiff were published with

"actual malice," as that term is defined by the United States and Texas Supreme Courts, which "actual malice" Defendant denies, and absent proof of common law malice, that is, ill will, spite or evil motive and further absent proof in compliance with Chapter 41 of the Texas Civil Practice and Remedies Code; (vi) exemplary damages awarded, if any, against Defendant may not exceed two times the amount of actual damages or $200,000, whichever is greater; (vii) Defendant alleges it has not been given fair notice of the conduct that may subject Defendant to punishment or exemplary damages and also of the severity of the penalty or exemplary damages that may be imposed; and (viii) punitive damages would violate the United States and Texas Constitutions and common law because such an award is based from procedures that are vague, open-ended, unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

8. The Complaint fails to state a claim against Defendant upon which relief can be granted.

9. Plaintiff's claims are barred by the doctrine of laches.

10. Plaintiff's claims are barred because the alleged injuries to Plaintiff and its damages, if any, are due solely to other causes and matters which are not related to Defendant's acts or conduct.

11. The damages, if any, allegedly incurred by Plaintiff were caused not by Defendant but by the acts of third parties, instrumentalities or God and were in no way connected with Defendant.

12. Plaintiff has not stated a conspiracy claim and Defendant have not engaged in any overt act in furtherance of any tortious conduct.

13. Plaintiff is not entitled to the extraordinary relief of an ex parte Temporary Restraining Order, see the Court's June 6, 2007 Order in Civil Action No. 3:07-CV-0976-K, and

Defendant request an opportunity to be heard on the unconstitutional injunctive relief that Plaintiff seeks.

14. Plaintiff's claims for equitable relief are unconstitutional prior restraints barred as a matter of law by the First Amendment to the United States Constitution and Article I, Section of the Texas Constitution.

15. Plaintiff is not entitled to the equitable relief it seeks because it has an otherwise adequate remedy at law.  See the Court's June 27, 2007 Order in Civil Action No. 3:07-CV-0976-K.

16. Plaintiff is not entitled to the equitable relief it seeks because it has no probability of success on the merits.

17. Plaintiff is not entitled to the equitable relief it seeks because it cannot prove and has suffered nor will it suffer irreparable harm.

18. Plaintiff is not entitled to the equitable relief it seeks because the public's interest is disserved by any entry of an unconstitutional prior restraint and the matters at issue in article in question.

19. Plaintiff's damages, if any, are speculative, not proximately and/or solely caused by Defendant, Plaintiff contributed or was comparatively responsible for its alleged damages, if any, and/or Plaintiff's damages, if any, were proximately caused by other individuals unaffiliated with Defendant that are not parties to this lawsuit.

## VI.

## JURY DEMAND

20. Defendant demands a jury trial on any and all questions of fact, if any, raised in this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Defendant Vercor, LLC respectfully requests that Plaintiff's claims and causes of action be in all things dismissed, that a take nothing judgment be entered in favor of Defendant, that Defendant be awarded its reasonable and necessary attorneys' fees, costs of cost and expenses in defending this claim, and for all such other and further relief, both at law and in equity, to which Defendant may show itself justly entitled.

> Respectfully submitted,
>
> NESBITT, VASSAR, McCOWN and RODEN, L.L.P.
> 15851 Dallas Parkway, Suite 800
> Addison, Texas 75001
> (972) 371-2411
> (972) 371-2410 - Telecopier
>
> By:   /s/ James M. McCown
>     James M. McCown
>     State Bar No. 00788002
>     J. Brian Dear
>     State Bar No. 24032117
>
> ATTORNEYS FOR DEFENDANT VERCOR, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Vercor, LLC's Original Answer was served by electronic mail through the Court's ECF system to Plaintiff's counsel of record, Mark L. Johansen, Gruber, Hurst, Johansen & Hail LLP, 1445 Ross Avenue, Suite 4800, Dallas, Texas 75202, on this 30th day of July, 2007.

> /s/ James M. McCown
> James M. McCown