IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GW EQUITY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| V. | § | |
| | § | 3:07-CV-1128-K |
| VERCOR, LLC, et. al. | § | |
| | § | |
| Defendants. | § | |
| | § | |

**ORDER**

Before the Court is Plaintiff GW Equity, LLC's ("Plaintiff") Application for Injunctive Relief (Doc. No. 1). As set forth in this Court's Order dated June 27, 2007 in *GW Equity, LLC v. Xcentric Ventures, LLC, et. al.,* Civil Action No. 3:07-CV-0976-K, the Court **DENIES** Plaintiff's application because Plaintiff has failed to satisfy all the requirements necessary to obtain a preliminary injunction. The Court's decision concerning the preliminary injunction is not a decision on the merits of the underlying case, however, and the following findings and conclusions are not binding at a trial on the merits. *University of Tex. v. Camenisch*, 451, U.S. 390, 395 (1981).

I.   **Factual and Procedural Background**

Plaintiff is a mergers and acquisition firm with over three hundred professional advisors. Plaintiff consults middle-market business owners that are seeking to sell or merge their business. Plaintiff conducts educational conferences or seminars to instruct business owners on how and when to sell private middle-market businesses for maximum

Dockets.Justia.com

value.

According to Plaintiff's Original Complaint and Verified Application for Injunctive Relief dated June 22, 2007, David L. Perkins ("Perkins") owns and controls Vercor, LLC ("Vercor") and The Business Owner, LLC ("The Business Owner") (collectively "Defendants").  Through those entities, Perkins is the publisher of *The Business Owners,* a newsletter for private business owners.

Plaintiff claims that in the May/June edition of *The Business Owner* Defendants defamed Plaintiff by suggesting that Plaintiff was operating a "scam" when it re-published an article titled "Scam Alert: GW Equity?" by Perkins.  Accordingly, Plaintiff asserts the following causes of action: (1) Defamation, (2) Business Disparagement, (3) Conspiracy to Commit Defamation & Business Disparagement, and (4) Injunctive Relief.

II.     Analysis

To obtain a preliminary injunction, Plaintiff must show (1) a substantial likelihood that it will prevail on the merits, (2) a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to Plaintiff outweighs the threatened harm the injunction may do to Defendants, and (4) that granting the preliminary injunction will not disserve the public interest.  *See Harris County v. Carmax Auto Superstores, Inc.*, 177 F.3d 306, 312 (5th Cir. 1999); *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985).  The

decision to grant or deny a preliminary injunction is left to the sound discretion of the district court. A preliminary injunction is an extraordinary remedy which should only be granted if the movant, Plaintiff in this case, has carried his burden of persuasion on all of the four factors. *Mississippi Power & Light*, 760 F.2d at 621. Applying the four factors, the Court has determined that Plaintiff is not entitled to injunctive relief for the same reasons set forth in this Court's Order dated June 27, 2007 in *GW Equity, LLC v. Xcentric Ventures, LLC, et. al.,* Civil Action No. 3:07-CV-0976-K.

Specifically, the Court concludes that monetary damages would adequately compensate any injury resulting from the alleged defamatory statements published in *The Business Owner*. Where money damages adequately compensate the aggrieved party, no irreparable injury exists. *DFW Metro Line Serv. v. Southwestern Bell Telephone,* 901 F.2d 1267, 1269 (5th Cir. 1990). Plaintiff is required to show that any loss can not be measured in money damages even if the pecuniary injury is difficult to calculate. *Millennium Restaurants Group, Inc. v. City of Dallas,* 181 F.Supp.2d 659, 666 (N.D. Tex. 2001). Because Plaintiff has merely argued that it will lose customers and goodwill as a result of Defendants' alleged defamatory statements, Plaintiff has failed to show it would suffer irreparable injury in this case. *Id.* The Court concludes Plaintiff has not carried its burden of proving irreparable harm particularly in light of the fact a preliminary injunction is such an extraordinary remedy.

### III. Conclusion

The Court **DENIES** Plaintiff's application for preliminary injunctive relief because Plaintiff has failed to establish all the requisite factors for the same reasons set forth in this Court's Order dated June 27, 2007 in *GW Equity, LLC v. Xcentric Ventures, LLC, et. al.,* Civil Action No. 3:07-CV-0976-K.

**SO ORDERED.**

Signed August 8th, 2007.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE