IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GW EQUITY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:07-cv-01128 |
| | § | |
| VERCOR, LLC, THE BUSINESS | § | |
| OWNER, LLC, and DAVID L. | § | |
| PERKINS, JR., | § | |
| | § | |
| Defendants. | § | |

## JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER

Plaintiff GW Equity, LLC ("Plaintiff") and Defendants Vercor, LLC, D.L. Perkins, LLC, f/k/a the Business Owner, LLC and David L. Perkins, Jr. ("Defendants"), by and through their respective counsel of record, file the following Joint Report Regarding Contents of Scheduling Order:

    1.    *A brief statement of the claims and defenses:*

        a. Claims

Defendants published a defamatory article in *The Business Owner* newsletter which has damaged Plaintiff. In the article, Defendants included an excerpt from a post on the website www.ripoffreport.com which was the subject of a removal order by a Dallas County District Court. The Defendants made no attempt to verify the accuracy of the defamatory post prior to re-publishing the article to more than 24,000 potential clients of the Plaintiff, and included other defamatory statements in the article in an attempt to harm Plaintiff. Plaintiff has been, and continues to be, injured by these false statements.

        b.    Defenses – for the Perkins Defendants (D.L. Perkins, LLC and David L. Perkins, Jr.): They republished information that was already in the public domain that was the subject of equally if not more critical reports previously published about Plaintiff. As such, Defendants cannot be liable for the publication at issue because said publication is substantially true or literally true. Defendants are further not liable for the publication at issue because the underlying material in the publication is substantially true or literally true. The publication at issue is not defamatory, was not published with actual malice, is privileged both at common

law and statutory law, and did not cause any injury to Plaintiff. Alternatively, Defendants' publication was not the proximate cause of any injury that Plaintiff may have suffered.

    c. Defenses – for Vercor, LLC: Vercor is not a proper party to this action and is a wholly distinct and separate entity from the other Defendants in this case. Vercor had no involvement, connection, participation or even prior knowledge of the publication at issue and is therefore not liable to Plaintiff.

2. *A proposed time limit to file motions for leave to join other parties;*
    a. March 3, 2008

3. *A proposed time limit to amend pleadings:*
    a. April 1, 2008

4. *A proposed time limit to file various types of motions, including dispositive motions:*
    a. Deadline for motions to transfer, to remand, to dismiss, for summary judgment, or other dispositive motions: June 2, 2008.

5. *A proposed time limit for initial designation of experts:*
    a. February 4, 2008.

6. *A proposed time limit for responsive designations of experts:*
    a. March 3, 2008.

7. *A proposed time limit for objections to experts:*
    a. July 14, 2008.

8. *A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to particular issues:*
    a. All factual discovery shall be completed by May 12, 2008. The parties anticipate that discovery will be conducted on the facts underlying the parties' claims and defenses. Discovery does not need to be conducted in phases or limited more narrowly than is called for under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.
    b. All expert discovery shall be completed by July 14, 2008.

9. *What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and what other limitations should be imposed:*
    a. None

10. *A proposed trial date, estimated number of days required for trial, and whether a jury has been properly demanded:*

    a. October 6, 2008

    b. 3-5 days

    c. A jury has been properly demanded.

11. *A proposed date for further settlement negotiations:*

    a. February 4, 2008.

12. *Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirements for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made:*

    a. No objections or modifications were offered or suggested by the parties.

    b. Disclosures were made on September 12, 2007.

13. *Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge:*

    a. No.

14. *Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when alternative dispute resolution would be most effective, and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case:*

    a. The parties are open to mediating the case.

    b. Mediation would be most effective after enough discovery is complete to give the parties a clear view of the issues and damages in this case.

15. *Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial:*

    a. None.

16. *Whether a conference with the Court is desired and the reasons for requesting a conference:*

    a. A conference with the Court is not requested.

17. *Any other matters relevant to the status and disposition of this case, including any other orders that should be entered by the Court under Fed. R. Civ. P. 16(b), 16(c), and 26(c):*

    a. None.

Respectfully submitted,

_s/ Mark L. Johansen_
Mark L. Johansen
State Bar No. 10670240
Jason A. Copling
State Bar No. 24036400

**GRUBER HURST JOHANSEN & HAIL LLP**
1445 Ross Avenue, Suite 4800
Dallas, Texas 75202
214/855-6800 (main)
214/855-6808 (facsimile)

**ATTORNEYS FOR PLAINTIFF**
**GW EQUITY, LLC**


_s/ James M. McCown_
James M. McCown
State Bar No. 00788002
J. Brian Dear
State Bar No. 24032117

**NESBITT, VASSAR, MCCOWN AND RODEN, L.L.P.**
15851 Dallas Parkway, Suite 800
Addison, Texas 75001
972/371-2411 (main)
972/371-2410 (facsimile)

**ATTORNEYS FOR DEFENDANTS**
D.L. PERKINS, LLC, f/k/a **THE BUSINESS**
**OWNER, LLC AND DAVID L. PERKINS, JR.**

　　　　　　　　　　　　　　　　　　_s/ Shawn K. Brady_
　　　　　　　　　　　　　　　　　　Shawn K. Brady
　　　　　　　　　　　　　　　　　　State Bar No. 00787126

　　　　　　　　　　　　　　　　　　**MESSER, CAMPBELL & BRADY, L.L.P.**
　　　　　　　　　　　　　　　　　　6351 Preston Road, Suite 350
　　　　　　　　　　　　　　　　　　Frisco, Texas 75034
　　　　　　　　　　　　　　　　　　972/424-7200 (main)
　　　　　　　　　　　　　　　　　　972/424-7244 (facsimile)

　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR DEFENDANT**
　　　　　　　　　　　　　　　　　　VERCOR, LLC