IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GW EQUITY, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-1128-O |
| | § | |
| VERCOR, LLC, ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff GW Equity, LLC has filed a motion to voluntarily dismiss this case without prejudice. For the reasons stated herein, the motion should be conditionally granted.

I.

This is a diversity action brought by plaintiff, a mergers and acquisitions firm based in Dallas, Texas, asserting claims for defamation, business disparagement, and conspiracy under Texas law. In its most recent complaint, plaintiff alleges that the May/June 2007 edition of *The Business Owner*, a newsletter owned by David L. Perkins, Jr., a citizen of Oklahoma, republished false information and reports about GW Equity that previously appeared on the website www.ripoffreport.com. (*See* Plf. Am. Compl. at 4-5, ¶¶ 18-27). Among the information originally posted on the website and republished by Perkins is a comment attributed to a disgruntled client, but actually authored by a former employee of plaintiff, suggesting that GW Equity is a "scam." (*Id.* at 3-5, ¶¶ 11-13, 22-24).[1]

---

[1] Plaintiff sued its former employee, Dickson Woodard, in state court and obtained an order requiring certain postings to be removed from the ripoffreport.com website. *See GW Equity v. Woodard*, No. 06-12231 (116th Dist. Ct., Dallas Co., Tex., Dec. 21, 2006). When the owners of the website failed to remove the postings, plaintiff filed suit in federal district court. *GW Equity, LLC v. Xcentric Ventures, LLC*, No. 3-07-CV-0976-O. That case remains pending.

Plaintiff contends that Perkins, who also owns Vercor, LLC, a competing mergers and acquisitions firm headquartered in Georgia, never investigated the veracity of the information posted on the ripoffreport.com website and knowingly republished false, misleading, and defamatory statements in his newsletter in an attempt to damage plaintiff's reputation in the business community. (*Id.* at 4-5, ¶¶ 18-20, 25-27).

The instant action was filed on June 22, 2007. Under the current scheduling order, the deadline for completing discovery expired on August 19, 2008, and dispositive motions are due by September 19, 2008. *See* Rev. Sch. Order, 5/16/08 at 1-2, ¶¶ 1 & 2. The case is not set for trial. On June 23, 2008, the court issued a letter ruling requiring plaintiff to provide information and documents "relating to the percentage of closings consummated for GW Equity clients[.]" *See* Ltr., 6/23/08.[2] Four days later, plaintiff filed a motion to dismiss. In support of its request for a voluntary dismissal without prejudice, plaintiff states that it "would like to re-evaluate the damages being caused by publication of the Article at issue in this lawsuit, and wishes to spend additional time determining the appropriate method for pursuing its claims." (Plf. Mot. at 1). Defendants oppose a dismissal without prejudice, arguing that any dismissal should be either with prejudice or conditioned on factors designed to mitigate harm in the event plaintiff re-files this lawsuit. The issues have been fully briefed by the parties and the motion is ripe for determination.

II.

A motion for voluntary dismissal by court order is governed by Fed. R. Civ. P. 41(a)(2). Under that rule:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . Unless the order

---

[2] An order formalizing that letter ruling was issued by the court on July 3, 2008.

states otherwise, a dismissal under this paragraph [ ] is without prejudice.

FED. R. CIV. P. 41(a)(2). As a general rule, "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002), *citing Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). Plain legal prejudice exists where dismissal may result in the loss of a potentially valuable defense, *see United States ex rel. Matthews v. HealthSouth Corp.*, 332 F.3d 293, 297 (5th Cir. 2003), where the defendant has lost significant time, effort, or expense in preparing for trial, *see United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003), or where dismissal is sought to avoid an adverse legal decision, *see Robles v. Atlantic Sounding Co.*, 77 Fed. Appx. 274, 275, 2003 WL 22316862 at *2 (5th Cir. Oct. 9, 2003). However, "it is no bar to dismissal that plaintiff may gain some tactical advantage thereby." *Radiant Technology Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203 (N.D. Tex. 1988), *citing Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967).

### A.

Defendants argue that they will suffer "plain legal prejudice" if this action is dismissed without prejudice because: (1) Vercor will be denied a ruling on its motion for summary judgment; (2) plaintiff is using Rule 41(a)(2) to avoid an adverse discovery ruling; and (3) Perkins has an "objectively reasonable basis" for seeking a resolution of the case on the merits. None of these arguments are persuasive. First, there is no motion for summary judgment pending before the court. Although Vercor filed such a motion earlier this year, it was denied without prejudice as premature.

*See* Order, 5/16/08. The deadline for filing dispositive motions is still two weeks away and, to date, none of the parties have moved for summary judgment.

Nor does the court's discovery ruling preclude a dismissal without prejudice. In some circumstances, a voluntary dismissal granted after an adverse ruling could inflict "legal prejudice" on the defendant. *See Manshack*, 915 F.2d at 174. Here, however, the order requiring plaintiff to provide information and produce documents "relating to the percentage of closings consummated for GW Equity clients," though adverse to plaintiff, is not a definitive ruling on the merits of its claims and does not necessarily inform the outcome of this case. *Compare id.* (allowing plaintiff to dismiss claims without prejudice despite adverse ruling on choice of law issue) *with Trautmann v. Cogema Mining, Inc.*, No. 5-04-CV-117, 2007 WL 869501 at *2 (S.D. Tex. Mar. 21, 2007) (denying motion for voluntary dismissal after court excluded three expert witnesses crucial to plaintiff's case).

Finally, Perkins contends that the claims made by plaintiff in this lawsuit have damaged his reputation and his relationship with customers, thereby giving him an "objectively reasonable basis" for requesting a resolution of those claims on the merits. The court initially observes that the prompt dismissal of this action will likely minimize any damage to Perkins's reputation. *See Greyhound Lines, Inc. v. Younan Properties, Inc.*, No. 3-07-CV-CV-2111-O, 2008 WL 2340219 at *3 (N.D. Tex. Jun. 9, 2008). Moreover, Perkins all but admits that the real harm in allowing a dismissal without prejudice is the "potential for parallel litigation." (*See* Def. Resp. at 10). The mere prospect of a second lawsuit does not rise to the level of "plain legal prejudice." *See Manshack*, 915 F.2d at 174.

B.

Notwithstanding the absence of "plain legal prejudice," the court believes that certain conditions are necessary to mitigate any harm to defendants in the event plaintiff elects to refile this

action or brings a subsequent lawsuit relating to the allegedly defamatory article published by Perkins. In evaluating appropriate conditions for dismissal, the court should "impose any conditions necessary to eliminate harm to the defendant" depending on the circumstances of a particular case. *S.E.C. v. Kornman*, No. 3-04-CV-1803-L, 2006 WL 1506954 at *4 (N.D. Tex. May 31, 2006), quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604-05 (5th Cir. 1976).

Defendants suggest six conditions for a dismissal without prejudice:

- Within ten days of the filing of any subsequent lawsuit, plaintiff shall comply with the court's discovery ruling, originally issued in letter form on June 23, 2008, and formalized by order dated July 3, 2008;

- The parties shall re-use all discovery materials, depositions, and documents exchanged thus far in this lawsuit;

- Plaintiff shall appear for a hearing on any unresolved issues raised by the court's discovery ruling within ten days of the filing of any subsequent lawsuit, or on a date otherwise set by the court;

- Vercor's motion for summary judgment shall be immediately set for consideration;

- Plaintiff shall file any subsequent lawsuit in Dallas federal court to facilitate enforcement of the prior discovery rulings and the adjudication of Vercor's motion for summary judgment; and

- Plaintiff shall pay $22,328.75 in reasonable and necessary attorney's fees for work performed in this litigation that would not be of any benefit in a subsequent lawsuit.

(*See* Def. Resp. at 11, 14). Plaintiff agrees to all these conditions, except the payment of attorney's fees. (*See* Plf. Reply at 2, 5, 7). Although a court has authority to condition a voluntary dismissal on the payment of fees and costs, the imposition of attorney's fees is by no means mandatory. *See e.g., Younan Properties*, 2008 WL 2340219 at *3 (granting motion for voluntary dismissal without

prejudice and ordering each party to bear its own costs and fees); *Halliburton Energy Services, Inc. v. Weatherford International, Inc.*, No. 3-02-CV-1347-N, 2004 WL 2599454 at *2 n.3 (N.D. Tex. Nov. 11, 2004) (same); *Frederick v. American Export Isbrantsen*, 164 F.R.D. 444, 446 (S.D. Tex. 1996) (same). In deciding whether to award fees and costs, the court may consider "the defendant's effort and expense in preparing for trial and whether there have been excessive delays or a lack of diligence on the part of the plaintiff in prosecuting the case." *Radiant Technology*, 122 F.R.D. at 204. Absent substantial trial preparation or extensive motion practice, a defendant usually will not suffer significant harm by the dismissal of a case at the pretrial stage. *See Younan Properties*, 2008 WL 2340219 at *3.

Defendants do not allege, much less prove, excessive delay or lack of diligence by plaintiff. Although the case has been pending for 14 months, only three contested motions have been filed-- two discovery motions and Vercor's motion for summary judgment, which was denied without prejudice as premature.[3] The case is not set for trial and the dispositive motion deadline has not yet expired. Should plaintiff elect to refile its claims, all materials obtained during discovery, including depositions and documents, may be used in the subsequent action. Vercor also may obtain immediate consideration of its motion for summary judgment. On these facts, the court determines that an award of attorney's fees is unnecessary to prevent harm to defendants. *See Younan Properties*, 2008 WL 2340219 at *3 (declining to condition dismissal on payment of attorney's fees where previously filed summary judgment materials could be used in any subsequent action); *Halliburton Energy Services*, 2004 WL 2599454 at *2 n.3 (same where parties agreed that discovery from prior action could be used if case was refiled and that any subsequent proceeding would be brought in the same court).

---

[3] The parties also filed several uncontested motions which were granted by the court as a matter of course.

# RECOMMENDATION

Plaintiff's motion for voluntary dismissal without prejudice [Doc. #54] should be conditionally granted. This case should be dismissed without prejudice on the following conditions:

- Within ten days of the filing of any subsequent lawsuit, plaintiff shall comply with the court's discovery ruling, originally issued in letter form on June 23, 2008, and formalized by order dated July 3, 2008;

- The parties shall re-use all discovery materials, depositions, and documents exchanged thus far in this lawsuit;

- Plaintiff shall appear for a hearing on any unresolved issues raised by the court's discovery ruling within ten days of the filing of any subsequent lawsuit, or on a date otherwise set by the court;

- Vercor's motion for summary judgment shall be immediately set for consideration; and

- Plaintiff shall file any subsequent lawsuit in Dallas federal court to facilitate enforcement of the prior discovery rulings and the adjudication of Vercor's motion for summary judgment.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  September 5, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE